## ZOILA SANTOS ESCALERA

*v.*

## SAN JUAN LIGHT & TRANSIT CO.

Law, No. 532.

Plaintiff having sued for land, defendants plead: (1) To the jurisdiction of the court, that the proceeding was an incident to a probate matter; (2) *res judicata;* and (3) estoppel. Held: That plaintiff must amend her complaint to show the untruth of the pleas or the suit will stand dismissed.

Order filed November 5, 1908.

*Mr. Rafael Lopez Landron* and *Mr. Rafael Guillermety,* attorneys for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant company.

RODEY, Judge, delivered the following opinion:

This cause comes before us on several pleas. It is a suit in ejectment for 21 cuerdas of land here near San Juan, and said to comprise the park at the end of the street car track in Santurce. The complaint is the most formal code proceeding. The defendant and its vendor both come in and defend, and set up a lot of alleged facts tending to show that the plaintiff is claiming the land as one of three heirs of her grandfather, whose estate was duly settled in the proper probate court, in which no account was taken of this particular land, because it, at such time, belonged to defendant's vendor.

Defendant pleads, first, lack of jurisdiction of the subject-matter, on the ground that it is a probate proceeding, of which courts such as this is cannot take cognizance; second, that the matter is *res judicata;* and third, estoppel, because the plaintiff took part in the probate proceedings, and knew of this land being in possession of defendant's vendor, her brother, at the time, and knew that he claimed it as his own, and yet made no complaint about the matter then or during more than thirty years that have since elapsed up to the time of the filing of this suit, and made no complaint when the main defendant bought it, or during several years thereafter, while expensive improvements were being put upon it, and not until the land has become valuable in the hands of the defendant.

With the brief of the defendants are transcripts from the insular courts, purporting to set out the probate proceedings referred to. They are not certified or sworn to by anybody, nor are they in evidence, being submitted as an exhibit to the brief of defendant.

As we did in the case of Souffront de Fleurian v. La Compagnie des Sucreries, 3 Porto Rico Fed. Rep. 88, *q. v.*, and in order to save time, we hold the said pleas in abeyance for the present, and require the plaintiff to either reform her complaint so as to show whether or not the said pleas are true in point of fact, or else to file a replication to them denying the same; and, if this is not done within ten days from this date, the court will assume that the pleas are true in point of fact, and they will stand sustained, and the cause stand dismissed without further action of the court, and it is so ordered.